**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN 25 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VERNICESHIA BENNETT | Criminal Indictment<br><br>No. 1:24CR-0210 |

THE GRAND JURY CHARGES THAT:

### COUNTS ONE through FIVE
*Wire Fraud (18 U.S.C. §§ 1343 and 2)*

1. Beginning on a date unknown, but by at least May 2017, and continuing through in or about at least May 2022, in the Northern District of Georgia and elsewhere, the defendant, VERNICESHIA BENNETT, aided and abetted by others known and unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations, and promises were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

### Background

At times relevant to this Indictment:

2. The Victim Company is a privately-owned company based in the Northern District of Georgia that is a global recruitment and staffing firm that,

among other services, places its employees on temporary work assignments with its clients.

3. From time to time, the Victim Company supplemented its ability to satisfy client's staffing needs by working with other staffing firms (the "Suppliers"). The Suppliers provided their employees to fill the Victim Company's client staffing needs and then invoiced the Victim Company for their employees' services.

4. PropNet USA is a former staffing agency that was based out of Vienna, Virginia. PropNet was a Victim Company Supplier from in or about 2009 to in or about 2015 when PropNet declared for bankruptcy.

5. In or about 2014, the Victim Company hired defendant BENNETT as its Senior Account/Business Systems Analyst. Defendant BENNETT's responsibilities included being a liaison between programmers/software engineers, systems training development, customer care, and all levels of management. In this role, defendant BENNETT had access to front and back-office systems, including the Victim Company's financials, contract management, and time records of actual workers working for active Suppliers. Defendant BENNETT also had the authority and the ability to create and submit invoices for Suppliers, approve Supplier invoices for payment, and update Suppliers' payment information, including bank account details.

6. From the time that defendant BENNETT was hired until in or about early 2019, defendant BENNETT worked out of the Victim Company's headquarters in Atlanta, Georgia. In or about early 2019, defendant BENNETT

moved to Houston, Texas and worked for the Victim Company remotely. Defendant BENNETT resigned from the Victim Company in or about June 2021.

7. Wells Fargo & Company ("Wells Fargo") is a financial institution headquartered in San Francisco, California.

8. Green Dot Corporation ("Green Dot") is a financial institution headquartered in Austin, Texas.

### Scheme to Defraud

9. Defendant BENNETT used her authority and access in the Victim Company to circumvent company controls to embezzle over $400,000 from the Victim Company.

10. Defendant BENNETT used her position as the Victim Company's Senior Account/Business Systems Analyst to create false PropNet employee invoices, and to approve and cause the approval and payment of those invoices. Defendant BENNETT also used her position and access to change PropNet's bank account information to a Green Dot account controlled by defendant BENNETT.

11. From at least in or about May 2017 to in or about May 2022, defendant BENNETT created and approved payment of at least 61 false PropNet employee invoices to the Victim Company, despite the fact that PropNet was defunct at the time and that the services identified on the invoices were never provided to the Victim Company.

12. Defendant BENNETT caused the Victim Company to pay defendant BENNETT through the Green Dot account for the supposed work that PropNet employees did on behalf of the Victim Company.

13. The Victim Company paid the false PropNet employee invoices by means of interstate wire.

14. Defendant BENNETT was personally enriched by the payments that the Victim Company made to the Green Dot account as a result of this scheme and the false PropNet employee invoices.

### Execution of the Scheme and Artifice to Defraud

15. For each count listed below in Column A, on or about the dates listed in Column B, in the Northern District of Georgia and elsewhere, defendant BENNETT, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, did, with intent to defraud, cause the transactions identified in Column C to be transmitted by means of a wire communication in interstate commerce, inducing the gross payments listed in Column D:

| A | B | C | D |
|---|---|---|---|
| Count | Date of Deposit (on or about) | Transaction Via Wire Communication | Gross Payment (approx.) |
| 1 | 7/1/19 | Payment of invoice RS5402405 from the Victim Company's Wells Fargo account x5500 to the Green Dot account x6807. | $4,519.50 |
| 2 | 7/23/19 | Payment of invoice RS5464906 from the Victim Company's Wells Fargo account x5500 to the Green Dot account x6807. | $8,384.20 |
| 3 | 8/19/19 | Payment of invoice RS5552159 from the Victim Company's Wells Fargo account x5500 to the Green Dot account x6807. | $8,277.83 |
| 4 | 9/4/19 | Payment of invoice RS5594009 from the Victim Company's Wells Fargo account x5500 to the Green Dot account x6807. | $3,718.33 |
| 5 | 9/16/19 | Payment of invoice RS5636885 from the Victim Company's Wells Fargo account x5500 to the Green Dot account x6807. | $5,072.04 |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## FORFEITURE PROVISION

Upon conviction of one or more of the offenses alleged in Counts One through Five of this Indictment, the defendant, VERNICESHIA BENNETT, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2641(c), all property, real and personal, which constitutes or is derived from proceeds traceable to said violations, including, but not limited to, the following:

> MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Five of this Indictment.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A _true_ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

*J. A. Favors*
JAMIL A. FAVORS
*Assistant United States Attorney*
Georgia Bar No. 549881
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000
404-581-6181 (fax)